UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DAVID AND ECKO JOHNSON | § | CIVIL ACTION NO. |
| | § | |
| Plaintiffs, | § | |
| VERSUS | § | |
| | § | SECTION: |
| THE NATIONAL FLOOD INSURANCE PROGRAM, BROCK LONG, in His Official Capacity as Administrator of the Federal Emergency Management Agency, KIRSTJEN NIELSEN, in Her Official Capacity as Secretary of the United States Department of Homeland Security | § § § § § § § § § | MAGISTRATE: |
| | § | JUDGE: |
| Defendants, | § | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiffs, DAVID AND ECKO JOHNSON, who respectfully file as this complaint:

## PARTIES

1.  Plaintiffs are DAVID AND ECKO JOHNSON, collectively persons of the full age of majority and domiciled in Hardin County, Texas, who at all relevant times herein are the owners of the residence at 223 West Pineshadows Drive, Sour Lake, TX 77659.

2.  The Federal Emergency Management Agency ("FEMA") is a federal agency under the United States Department of Homeland Security that administers and issues flood insurance policies pursuant to the National Flood Insurance Program and the National Flood Insurance Act of 1968, as amended, 42 U.S.C. §4001, et seq.  Defendant Brock Long is a proper party to this action pursuant to 42 U.S.C. § 4072, which authorizes suit against the administrator of FEMA in his official capacity to assert claims related to the disallowance or partial disallowance of a flood

insurance claim. See also 44 C.F.R. §§ 61, App. A(1), Section VII(R), and 62.22. Defendant Kirstejen Nielson is a proper party pursuant to section 503 of the Homeland Security Act of 2002, Pub. Law 107 296, 5 U.S.C. §§301, et seq., which transferred all functions, personnel, and liabilities of FEMA to the Secretary of the Department of Homeland Security.

3.  At all relevant times NFIP provided flood insurance coverage to Plaintiffs under Policy No. 4000136531. At the time of loss the policy limits for the flood policy were $250,000.00 for damage to the structure and $100,000.00 for damage to the contents, respectively.

## JURISDICTION AND VENUE

4.  This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1331 as the dispute involves a federal question and because an agency of the United States government is named as defendant pursuant to 42 U.S.C. § 4072.

5.  Venue is proper in the U.S. District Court of the Eastern District of Texas pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because the damages occurred in Hardin County, State of Texas.

## FACTS

6.  Between August 26 and September 1, 2017, Hurricane Harvey battered southeast Texas with gale force winds and torrential rains causing unprecedented flooding throughout the region. Upwards of sixty-one (61) inches of rain affected the area causing rivers to overflow, producing toxic category three (3) contaminated water to inundate homes. These toxic waters contaminated with sewage, escherichia coli and flesh-eating bacteria, and other harmful pathogens did not recede for days and even weeks.

7.  Plaintiffs property located at 223 West Pineshadows Drive, Sour Lake, Texas 77659 (hereinafter "property" or "residence") was no exception. Plaintiffs' property was

submerged in several feet of toxic flood water for approximately a week as a result of the storm. Moisture, saturation, and contamination from prolonged submersion caused incredible damage to the property.

8. At all times relevant hereto, Plaintiffs owned the property and resided there until they were forced to evacuate due to the flooding.

9. At all times relevant hereto, Plaintiffs had an insurance contract in effect with NFIP for flood dwelling coverage of the property. The applicable insurance contract specifically provided coverage for the flood event that occurred in late August, early September of 2017.

10. Plaintiffs promptly notified NFIP of the flood damage and filed a claim for the flood damage to the property.

11. Plaintiffs submitted an initial and timely proof of loss estimating the damages at $199,199.59 under Coverage A – building.

12. The Federal Emergency Management Agency extended the deadline to file supplemental proof of loss claims relating to flooding caused by Hurricane Harvey from the standard 60 days to 365 days following the date of loss. *See* U.S. DEP'T OF HOMELAND SECURITY, RELEASE NO. HQ-17-082, FEMA'S NATIONAL FLOOD INSURANCE PROGRAM ENHANCES THE FLOOD CLAIMS PROCESS AND EXTENDS GRACE PERIOD FOR POLICY RENEWALS (Sept. 4, 2017).

13. On or about August 23, 2018, Plaintiffs submitted a timely supplemental proof of loss including an estimate from their contractors to restore the home to pre-loss condition. The proof of loss evidenced that the full cost to repair exceeded policy limits of $250,000.00.

14. Plaintiffs, individually and through their contractor, submitted invoices, receipts, and other requested proof of expenses incurred and proofs of loss as required by the NFIP flood policy, specifically, and Standard Flood Insurance Policy ("SFIP"), generally.

15. NFIP has yet to remit full payment for covered losses despite amicable demand by Plaintiffs and/or their representatives.

16. Plaintiffs have incurred additional liability for interest on costs incurred to make the approved repairs to the covered losses that have gone unpaid by NFIP despite due proof that the cost of reimbursable repairs and covered contents.

17. At all times material hereto, Plaintiffs have fully cooperated with NFIP and provided access to the property, claim documentation, invoices, receipts, and all other requested materials to the best of their ability. Plaintiffs have further satisfied all conditions precedent to filing this Complaint.

## CAUSES OF ACTION

18. Plaintiffs have the following causes of action against Defendant, NFIP:

   i. Breach of contract; and

   ii. Other causes of actions that will be determined at trial.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

19. Plaintiffs reallege and reaver herein the allegations set forth in the preceding paragraphs.

20. Plaintiffs and FEMA entered into a contract when Plaintiffs purchased and FEMA issued the Flood Policy. The Flood Policy, at all times material hereto provided flood insurance coverage to Plaintiffs. Pursuant to the terms and conditions of the aforementioned Flood Policy, NFIP is obligated to pay Plaintiffs for their flood loss up to the full extent of damages incurred, minus any applicable deductible amount, for structure and contents coverages.

21. Plaintiffs duly performed and fully complied with all of the conditions of the Policy and conditions precedent to filing this Complaint. Plaintiffs provided timely notice of their loss to

NFIP, which has, contrary to the terms of the policy, failed to pay for all flood-related damages, which are within the limits of the available coverage. Plaintiffs strictly complied with the proof of loss requirements for payment on an SFIP claim and submitted it to FEMA within the deadline. As a result of NFIP's breach of the terms of the Flood Policy, Plaintiffs has and will incur substantial costs that he would not otherwise have had to incur.

22. FEMA unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment of the Plaintiffs' claims.

23. FEMA failed to perform and materially breached the insurance contract when it wrongly failed to pay Plaintiffs for damages the flood caused to the covered property.

24. FEMA violated the National Flood Insurance Act ("NFIA"), flood insurance rules and regulations, and Federal common law by, among other things:

   a. Failing to fairly and timely adjust and pay on the flood claim at issue;

   b. Failing to properly train and supervise its adjusters, claims examiners, representatives and agents;

   c. Failing to honor Plaintiffs' satisfactory proof of loss;

   d. Failing to provide its adjusters, claims examiners, representatives and agents with proper and uniform materials with which to evaluate claims;

   e. Failing to account for the shortage of labor and contractors following Hurricane Harvey, and the prevalence of contractor misconduct and fraud;

   f. Failing to account for the increase in labor, materials, costs, and time in evaluating Plaintiffs' claim; and

   g. Failing to inform the Plaintiffs of flood policy limitations and exclusions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs is entitled to full insurance coverage under the NFIP flood insurance policy for the damages to the insured property and other such equitable relief set forth in the petition including, but not limited to:

  i. The difference between what the Defendant has paid and the actual loss and expenses incurred by Plaintiffs plus legal interest thereon from the date of the loss until paid; and

  ii. Any and all equitable relief deemed appropriate by this Court.

WHEREFORE, Plaintiffs DAVID AND ECKO JOHNSON pray that Defendant, NFIP National Flood Insurance Company, be duly cited to appear and answer this Complaint, that it be served with same together with this Complaint, and that after due proceedings had, there be judgment in favor of Plaintiffs and against NFIP National Flood Insurance Company in an amount to be determined by the Court together with legal interest thereon from the date of the loss until paid.

Respectfully submitted,

*/s/ Jeremiah N. Johns*

_____
JEREMIAH N. JOHNS (TX # 24108002)
TONY N. HERNANDEZ (TX # 24087713)
3500 North Hullen Street
Metairie, LA 70002
Phone: (504) 273-0444
Fax: (866) 510-2470
jnjohns@johnsfirm.com

*Attorneys for Plaintiffs DAVID AND ECKO JOHNSON*